Jose **PALOMINO**, Libelant,

v.

Helge W. **WINCK**, Respondent.

United States District Court
S. D. New York.
Nov. 22, 1960.

Ellias C. Hoppenfeld, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York City, James M. Estabrook, Richard L. Maher, Clifford J. Brenner, New York City, of counsel, for respondent.

WEINFELD, District Judge.

The libelant, a longshoreman, was injured aboard the respondent's vessel while working in the number 3 lower hold.

The accident occurred under the following circumstances:

A draft containing a wooden crate had been lowered to a distance of about a foot above the deck of the hold; the draft was in a stationary position in order to permit it to be maneuvered into place; libelant hooked into the crate and, together with co-workers, was pushing it into an outboard area; a signal was given by one of libelant's co-workers to the winchman to lower the draft; it then came down quickly, catching libelant's right ankle between the crate being lowered and another which had already been stored.

■■■ The mere occurrence of the accident does not establish the libelant's claim of either unseaworthiness or negligence. No evidence of any kind as to the physical condition of the winch or any of its parts was offered. Although the Court gave libelant's counsel wide latitude to qualify libelant and a co-worker as experts, no direct question was put to establish that the sudden lowering was due to a defect in the winch that was used in the operation. While counsel put many leading questions which elicited answers with respect to libelant's experiences on other vessels, the substance of the testimony offered did not establish that the winch in question was defective or unseaworthy in any respect. Upon the record, to conclude that the winch was not reasonably fit for its intended use would require speculation. The Court, upon appraisal of the witnesses, concludes that libelant has failed to sustain his burden of proof.

The recently decided case of Michalic v. Cleveland Tankers, Inc., 364 U.S. 325 (1960), does not require a different conclusion. Its simple holding is that upon the facts presented the issues of unseaworthiness and negligence were for determination by the jury, and it was error for the Court to take the case from the jury. Moreover, in that case evidence was offered of the defective condition of the winch alleged to have caused the injury. Here, none was offered, nor was expert testimony submitted from which one could reasonably infer that the libelant has established his claims.

The foregoing shall constitute the Court's findings of fact and conclusions of law. In the event either party desires separately enumerated findings of fact and conclusions of law, these shall be proposed within five days from the date hereof upon two days' notice to opposing counsel.